V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 304546)
cds820@gmail.com
Lawrance A. Bohm (SBN: 208716)
LBohm@Bohmlaw.com
Ann Strimov Durbin (SBN 308799)
adurbin@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.644.66880
Email: VJD000116@bohmlaw.com

Attorneys for Plaintiff
JUAN JOSE GARCIA VERDUGO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE GARCIA VERDUGO<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CALEXICO; CHIEF GONZALO GERARDO, in his individual and official capacity; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:  **'22 CV 1418 RSH WVG**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. **Fourth Amendment Violation—Excessive Force (42 U.S.C. 1983)**<br>2. **Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)**<br>3. **Violation of the Bane Civil Rights Act (Civil Code § 52.1)**<br>4. **Assault and Battery**<br>5. **Negligence**<br>6. **Negligent Hiring, Supervision, Retention and Training**<br>7. **Intentional Infliction of Emotional Distress**<br>8. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

Plaintiff JUAN JOSE GARCIA VERDUGO, respectfully submits the instant Complaint for Damages and Demand for Jury Trial and alleges as follows:

### NATURE OF ACTION

1.      This civil rights action seeks compensatory damages and punitive damages, where recoverable under law, from DEFENDANTS for violating various rights under federal law and California state law in connection with the excessive use of force against PLAINTIFF Juan Jose Garcia Verdugo (hereinafter "PLAINTIFF").

2.      PLAINTIFF was sitting on the curb of a sidewalk talking with a friend when he was seized and brutally beaten by officers from the Calexico Police Department (hereinafter "CPD").

3.      Despite the fact that PLAINTIFF posed no risk of harm to himself or anyone else, including the CPD officers who approached him aggressively, these officers viciously tased and excessively battered PLAINTIFF, inflicting serious injuries, including a broken leg, which have caused likely permanent damage and severely impacted his health, emotional and psychological wellbeing, and quality of life.

4.      The rights violations perpetrated by the CPD officers were ratified and encouraged by Chief of Police Gonzalo Gerardo (hereinafter "CHIEF GERARDO") and the City of Calexico (hereinafter "CITY"), who refused to discipline their officers for their illegal conduct and failed to adequately train or otherwise prevent their officers from perpetrating unlawful acts against civilians and abusing their inherent powers as officers of the law.

5.      The violative conduct to which PLAINTIFF was subjected, including ruthless, unnecessary, and grossly disproportionate assault and battery, led to significant health complications, which required extensive surgery and other interventions. Almost a year following the officers' violent attack on PLAINTIFF's person and rights, Mr. Verdugo's medical issues are far from resolved, leaving him

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

1   in a compromised and vulnerable state, physically, psychologically, and financially.

2   6.   CITY has been sued in the past for civil rights violations, including by

3   its own officers, and was lambasted by the Department of Justice in a report

4   following an investigation into corruption, violence, lax supervision, and lack of

5   accountability.  Nevertheless, CITY remains unwilling to accept responsibility for

6   the violative conduct of its officers and supervisors.  It continues to egregiously

7   infringe upon its citizens' rights by failing to adjust its fundamentally

8   unconstitutional and dangerous policies and practices and/or properly train its

9   officers to prevent such incidents from recurring.

10   7.   CHIEF GERARDO failed to impose adequate discipline on his

11   officers, perpetuating a culture of impunity within the CPD that encourages rights

12   violations against the public.  The policies and customs undergirding the unjustified

13   assault and excessive use of force against civilians such as Mr. Verdugo are

14   fundamentally and patently in violation of the U.S. Constitution and the laws of the

15   State of California and represent a menace of major proportions to the public.

16   Accordingly, insofar as PLAINTIFF herein seeks to hold to account those

17   responsible for the inhumane treatment of PLAINTIFF and to challenge the CITY's

18   rights-effacing policies, this action is firmly in the public interest.

19   8.   PLAINTIFF brings this action for compensatory damages and punitive

20   damages only against individual defendants, where available by law, against

21   DEFENDANTS for violations of his civil rights, deliberate indifference, and

22   negligence that caused the needless suffering of and injury to PLAINTIFF.

23   ## PARTIES AND THEIR AGENTS

24   9.    At all times relevant to this Complaint, PLAINTIFF is and was

25   residing in the State of California.

26   10.   DEFENDANT CITY OF CALEXICO is a municipal corporation duly

27   organized and existing under the Constitution and laws of the State of California.

28   CPD is a local government entity and agency of CITY OF CALEXICO, and all

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

1    actions of the CPD are the legal responsibility of the CITY OF CALEXICO.  CITY

2    OF CALEXICO is sued in its own right on the basis of its policies, customs, and

3    practices that gave rise to PLAINTIFF's federal and state law claims.

4         11.    Upon information and belief, DEFENDANT CHIEF GONZALO

5    GERARDO lived in the State of California at all times relevant to this action.  At

6    all relevant times, CHIEF GERARDO was responsible for the hiring, screening,

7    training, retention, supervision, discipline, counseling, and control of the CPD's

8    employees and/or agents, including DOE OFFICERS and SUPERVISORS.  CHIEF

9    GERARDO also was responsible for the promulgation of the policies and

10   procedures and the sanctioning of practices and customs pursuant to which the acts

11   of the CPD and its employees alleged herein were committed.  CHIEF GERARDO

12   is being sued in his individual and official capacities.

13        12.    At all relevant times, DOES 1-10 were duly authorized employees and

14   agents of CITY, who were acting under color of law within the course and scope of

15   their respective duties as CITY police officers and with the complete authority and

16   ratification of their principal, Defendant CITY.

17        13.    At all relevant times, CITY was the employer of DOES 1-10, who were

18   CITY police officers, and managerial, supervisorial, and policymaking employees

19   of the CITY police department, subject to oversight and supervision by CITY's

20   elected and non-elected officials.  They are sued in their individual capacity for

21   damages only.

22        14.    PLAINTIFF is informed and believes and thereon alleges that each of

23   the Defendants designated as a DOE is intentionally and negligently responsible in

24   some manner for the events and happenings herein referred to, and thereby

25   proximately caused injuries and damages as herein alleged.  The true names and

26   capacities of DOES 1 through 10, inclusive, and each of them, are not now known

27   to PLAINTIFF who therefore sues said Defendants by such fictitious names, and

28   PLAINTIFF will seek leave to amend this complaint to show their true names and

4

1  capacities when the same have been ascertained.

2      15.    Defendants DOES 1-10 were each duly appointed, qualified and acting

3  ranking officers, officials and employees of the Calexico Police Department and

4  Defendant CITY, also charged by law with the supervision, management, control,

5  operation and administration of the CPD and with the responsibility, control,

6  supervision, training, employment, assignment, discipline and removal of peace

7  officers of the CPD and CITY.  Each said Defendant was acting within the course

8  and scope of their said employment and under the color of state law, and as the

9  employee, agent and representative of each other Defendant.

10      16.    In doing the acts and failing and omitting to act as hereinafter

11  described, DOES 1-10 were acting on the implied and actual permission and

12  consent of CITY.

13      17.    All DEFENDANTS who are natural persons, including DOES 1 – 10,

14  are sued individually and/or in his/her official capacity as officers, servants, joint

15  ventures, partners and/or co-conspirators, sergeants, captains, commanders,

16  supervisors, and/or civilian employees, agents, policy makers, and representatives

17  for the CITY OF CALEXICO.

18      18.    At all times mentioned herein, each and every DEFENDANT was the

19  agent of each and every other DEFENDANT and had the legal duty to oversee and

20  supervise the hiring, conduct and employment of each and every DEFENDANT

21  herein.

22                                    **<u>JURISDICTION</u>**

23      19.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1331.  This

24  action at law for money damages arises under 42 U.S.C. § 1983, the United States

25  Constitution, and common law principles to redress a deprivation under color of

26  state law of rights, privileges and immunities secured to PLAINTIFF by said

27  statutes, and by the Fourth and Fourteenth Amendments of the United States

28  Constitution.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    V. James DeSimone, Esq.
*Verdugo v. City of Calexico, et al.*                            Carmen D. Sabater, Esq.
Case No.:                                                   Lawrance A. Bohm, Esq.
                                                            Ann Strimov Durbin, Esq.

20.     The incident complained of occurred in Calexico, California.

**EXHAUSTION OF PRE-LAWSUIT PROCEDURES FOR STATE LAW CLAIMS**

21.     On March 1, 2022, PLAINTIFF timely filed a government tort claim pursuant to California Government Code §§ 910 and 911.2 with DEFENDANT CITY OF CALEXICO.

22.     As of the date of filing, DEFENDANT CITY has yet to respond to PLAINTIFF's government tort claim.

**FACTS COMMON TO ALL CAUSES OF ACTION**

23.     On or around the morning of September 20, 2021, Juan Jose Garcia Verdugo was sitting on the curb of a sidewalk with a friend in a relatively quiet area of Calexico.

24.     Seemingly out of nowhere and without provocation, DOE OFFICERS approached PLAINTIFF in an aggressive manner, screaming at him to get up and put up his hands.

25.     While getting up and trying to comply with the officers' directive, PLAINTIFF saw that the DOE OFFICER closest to him had removed his taser from its holster and was holding it in his hand, ready to deploy.

26.     Seeing the less-lethal weapon unholstered and ready to be discharged sent a wave of fear through PLAINTIFF who believed DOE OFFICERS intended to egregiously harm him. Instinctively, he began to run in fear for his safety, as an act of self-preservation.

27.     PLAINTIFF had heard of multiple recent incidents of CPD officers subjecting others in his community to brutal violence, including an officer-involved shooting in June of 2021 that had left a civilian dead. In this context, PLAINTIFF legitimately feared that his life was in danger.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

28. While he was running, one DOE OFFICER shot the taser at PLAINTIFF without warning, causing him to seize up and fall to the ground, immobilized and spasming from the electroshock and pain.

29. Despite the fact that PLAINTIFF was incapacitated by the taser and lying on the floor, no longer trying to move or resist, a DOE OFFICER considerably bigger than PLAINTIFF savagely stomped on PLAINTIFF's leg, causing PLAINTIFF to experience a wave of excruciating pain.

30. PLAINTIFF felt his leg snap and break, and he screamed out in agony.

31. PLAINTIFF beseeched the officers to stop attacking him, but they ignored his screams of pain and pleas for mercy.

32. Instead, DOE OFFICER jumped on top of PLAINTIFF and began to repeatedly batter and punch him. Other DOE OFFICERS joined in, simultaneously attacking and pummeling PLAINTIFF from all sides.

33. PLAINTIFF, bloody and in grievous pain, with lacerations and bruises all over his body and a broken leg, began to exhibit medical distress such that DOE OFFICERS had no choice but to call an ambulance after their vicious collective assault.

34. PLAINTIFF was not charged at the scene with any crime, nor read his Miranda rights.

35. Once the ambulance arrived, PLAINTIFF was transported to El Centro Regional Medical Center. At the hospital, Mr. Verdugo complained of leg pain, head and face pain, bruises and lacerations, and pain throughout his body.

36. PLAINTIFF's injuries were too severe for El Centro Regional Medical Center to treat him, so he was transported to UC San Diego Medical Center (hereinafter "UCSD Hillcrest").

37. At UCSD Hillcrest, Mr. Verdugo underwent surgery to repair a tibia fracture, which required the surgeon to insert pins and a plate due to the gravity of the injury.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

38.    After the incident, Mr. Verdugo was unable to walk unassisted and suffered from debilitating pain for months.  He still limps and experiences severe discomfort from the broken leg, which has never fully healed.

39.    PLAINTIFF, who worked in the farming sector in the past, has been unable to return to work because of his injuries.  Aside from these economic damages, Mr. Verdugo has been irreparably traumatized by the incident, which resulted in ongoing mental and psychological harm, as well as emotional distress.

40.    DOE OFFICERS employed reckless, extreme, and unwarranted violence against PLAINTIFF, violating his rights and inflicting great bodily injury, which continues to contribute to his declining health and significantly diminished quality of life.

41.    THE CITY OF CALEXICO, through CHIEF GERARDO, has failed to train its correctional officers with regard to appropriately interacting with its citizens, including those with disabilities, as revealed by the allegations set forth herein.  DEFENDANTS have a custom and practice of using reckless violence and violating the rights of innocent civilians blatantly, willfully, and with clear disregard for their safety, as epitomized by the shockingly unwarranted assault on PLAINTIFF and outrageous disregard for his complaints of pain and pleas for mercy.  The policies employed by DEFENDANTS fail state law requirements, placing innocent civilians at risk of serious and egregious injury, such as PLAINTIFF experienced and from which he continues to suffer.

## FIRST CAUSE OF ACTION

## FOURTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) —EXCESSIVE FORCE

## (AGAINST ALL DEFENDANTS)

42.    PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

43.     This cause of action is asserted against ALL DEFENDANTS.

44.     Under the Fourth Amendment to the U.S. Constitution, PLAINTIFF has the right to be free from unreasonable seizure of his person, including the excessive and unreasonable use of force against him by law enforcement officials acting under color of law during their performance of a search or seizure.

45.     In collectively jumping on, severely beating, and kicking the unarmed and helpless PLAINTIFF, with such force as to cause his bones to break, DEFENDANT DOE OFFICERS unlawfully used coercion and violence to seize PLAINTIFF, in violation of his rights.

46.     DOE OFFICERS' unreasonable and vicious violence against PLAINTIFF, including but not limited to, jumping on, beating, and kicking PLAINTIFF—an unarmed man, incapacitated and defenseless on the ground after being tased without warning by DOE OFFICER—deprived PLAINTIFF of his right to be secure in his person against excessive use of force as guaranteed to Mr. Verdugo by the Fourth Amendment to the United States Constitution.

47.     DEFENDANTS' conduct, described above, resulted in the inhumane, malicious, and torturous treatment of PLAINTIFF and violated PLAINTIFF's rights to be free from the use of unreasonable and excessive force under the Fourth Amendment to the United States Constitution.  The unreasonableness of violence inflicted on PLAINTIFF was exacerbated by the context in which it occurred—PLAINTIFF posed no threat and was submissive after being tased and consequently physically incapacitated.

48.     DEFENDANT OFFICERS' actions would not appear necessary to a reasonable officer under the circumstances because PLAINTIFF did not possess a weapon, there was no evidence that he had committed any serious offense, and he was attempting to comply with DOE OFFICERS' directives once on the ground and before they began viciously beating him to the point of fracturing bones.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

49.     DEFENDANTS' aforementioned acts proximately caused and resulted in the inhumane, malicious, and torturous abuse of PLAINTIFF and violated PLAINTIFF's rights to be secure in his person against unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution.

50.     DEFENDANTS proximately caused and are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct or because they failed to intervene.

51.     Upon information and belief, DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF's injuries.

52.     DOE SUPERVISORS are liable for their direct actions as supervisors in giving orders concerning the arrest of PLAINTIFF, which caused the deprivation of PLAINTIFF's Constitutional rights.

53.     DEFENDANTS CITY and CHIEF GERARDO supervised and ratified DEFENDANT OFFICERS' unreasonable, intentional, and rights-effacing seizure and use of excessive force against PLAINTIFF.

54.     CHIEF GERARDO is liable in his supervisory capacity because he knew of, authorized, aided and abetted, and ratified the use of excessive and deadly force by his officers under his command and acting within the scope of their employment—a practice which caused many injuries and even took lives.

55.     Upon information and belief, CHIEF GERARDO also ratified the conduct of DEFENDANT DOE OFFICERS by finding that they had not engaged in any wrongdoing with respect to PLAINTIFF.

56.     As set forth more fully in PLAINTIFF's SECOND CAUSE OF ACTION, DEFENDANT CITY is liable pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978) by maintaining, condoning and/or permitting rights-infringing policies and practices demonstrative of conscious disregard of and reckless indifference to the Constitutional rights of civilians, as well as failing to

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

properly and adequately train its officers on how to coordinate their efforts, investigate, and assess situations without employing excessive use of force that infringes on citizens' Constitutional rights.

57.    Additionally, Defendant CITY ratified the actions of its employees by finding that their actions leading to the injury of PLAINTIFF conformed with CPD policy and by failing to discipline the officers and employees who were involved.

58.    On information and belief, the CITY failed to properly and adequately train DEFENDANT DOES 1-10, including but not limited to, in practices related to the use of physical force and lawful arrests.

59.    The training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of force while arresting and detaining civilians.

60.    DEFENDANT CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

61.    The failure of DEFENDANT CITY to provide adequate training caused the deprivation of PLAINTIFF's rights by DEFENDANT DOES 1-10; that is DEFENDANT CITY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

62.    As a direct and legal result of DEFENDANTS' acts and omissions, Mr. Verdugo suffered damages, including physical and emotional pain and suffering.

63.    PLAINTIFF is informed and believes and thereon alleges that the acts of the individual DEFENDANT DOES 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard for the rights and safety of PLAINTIFF and, therefore, justify the imposition of punitive and exemplary damages against the individual DEFENDANTS in an amount to be determined at the time of trial.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

64.    PLAINTIFF seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 U.S.C. § 1983)

### (Against Defendants CITY, CHIEF GERARDO and DOES 1-10)

65.    PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

66.    This cause of action is asserted against Defendants CITY, CHIEF GERARDO, in his official capacity, and DOES 1-10.

67.    PLAINTIFF alleges that CITY, CHIEF GERARDO, in his official capacity, and DOES 1-10 are liable as a local governing body for the constitutional violations of the DEFENDANT OFFICERS, as fully alleged above.

68.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to June 9, 2020 (and continuing to the present date), Defendants CITY, CHIEF GERARDO and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.    Failing to provide adequate training and supervision to police officers with respect to constitutional limits on the use of excessive force;

b.    Employing and retaining as police officers and other personnel, individuals, including DOE OFFICERS, whom Defendant CITY and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

1  follow written CSD policies, including through the use of excessive force;

2      c.      Inadequately supervising, training, controlling, assigning, and

3  disciplining CITY OFFICERS and other personnel, including DOE OFFICERS,

4  whom Defendants CITY, CHIEF GERARDO and DOES 1-10 knew or in the

5  exercise of reasonable care should have known had the aforementioned propensities

6  and character traits, including the propensity for violence and the use of excessive

7  force;

8      d.      Maintaining grossly inadequate procedures for reporting,

9  supervising, investigating, reviewing, disciplining and controlling the intentional

10  misconduct by DEFENDANT DOE OFFICERS, who are Officers and/or agents of

11  CITY;

12      e.      Failing to meaningfully investigate and adequately discipline

13  CITY OFFICERS and/or agents' conduct, including but not limited to, regarding

14  excessive force;

15      f.      Ratifying the intentional misconduct of DOE OFFICERS and

16  other agents, who are officers and/or agents of CITY;

17      g.      Having and maintaining an unconstitutional policy, custom, and

18  practice of using excessive force, which also is demonstrated by inadequate training

19  regarding this subject.  The policies, customs, and practices of Defendants CITY,

20  CHIEF GERARDO and DOES 1-10 were maintained with a deliberate indifference

21  to individuals' safety and rights; and,

22      h.      Condoning and encouraging CITY officers in the belief that they

23  can violate the rights of persons such as Mr. Verdugo with impunity, and that such

24  conduct will not adversely affect their opportunities for promotion and other

25  employment benefits.

26      69.      By reason of the aforementioned policies and practices of Defendants

27  CITY, CHIEF GERARDO, and DOES 1-10, PLAINTIFF was severely injured and

28  subjected to pain and suffering.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          V. James DeSimone, Esq.
*Verdugo v. City of Calexico, et al.*          Carmen D. Sabater, Esq.
Case No.:          Lawrance A. Bohm, Esq.
          Ann Strimov Durbin, Esq.

70.     Defendants CITY, CHIEF GERARDO, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of PLAINTIFF and other individuals similarly situated.

71.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant DOES 1-10 acted with intentional, reckless, and callous disregard for PLAINTIFF's Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, CHIEF GERARDO and DOES 1-10 were affirmatively linked to and were a significantly influential and moving force behind the injuries of Mr. Verdugo.

72.     By reason of the aforementioned acts and omissions of Defendants CITY, CHIEF GERARDO and DOES 1-10, Plaintiff has suffered damages, including physical and emotional pain and damages, in an amount to be determined at trial.

73.     Accordingly, Defendants CITY, CHIEF GERARDO and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74.     Plaintiff also seeks reasonable attorney fees under this claim.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE BANE CIVIL RIGHTS (Cal. Civ. Code § 52.1)

## (AGAINST ALL DEFENDANTS)

75.      PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

14

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

76.     This cause of action is asserted against ALL DEFENDANTS.

77.     The Bane Civil Rights Act provides a private right of action for damages against any person who "interferes," or "attempts to interfere by threat, intimidation, or coercion," with the exercise or enjoyment of a constitutional or other right under California or federal law.  Civ. Code, § 52.1 subd. (b)–(c).  Public entities are vicariously liable for Bane Act violations.  *See* Gov. Code, § 815.2.  The California Supreme Court explained that the Bane Act simply requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion."  *Jones v. Kmart Corp*., 17 Cal.4th 329, 334 (1998).  Many if not all violations of fundamental rights could be so framed.  *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 850 (2004) (Baxter, J., concurring).

78.     As alleged herein, DEFENDANTS violated PLAINTIFF's civil rights, guaranteed by the Bane Civil Rights Act, by using threats, intimidation, coercion and violence to interfere with PLAINTIFF's rights under the California Constitution, the United States Constitution, and the laws of the State of California, thereby violating California law, including, but not limited to, Civil Code § 52.1.

79.     The rights of PLAINTIFF, which were interfered with by DEFENDANTS' threats, intimidation, and coercion, include, but are not limited to: the right to due process; the right to bodily integrity and protection from bodily harm (including Cal. Civ. Code § 43); Penal Code §§ 149, 240, and 242; rights under the Fourth and Fourteenth Amendments to the United States Constitution; and, rights under Article 1, Section 1, 7, and/or 13 of the California Constitution.

80.     At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from the excessive use of force by police officers acting under color of law.

81.     In jumping on, severely beating, and kicking the unarmed and helpless PLAINTIFF, DEFENDANT DOE OFFICERS unlawfully used coercion and violence to seize PLAINTIFF, in violation of his rights.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

82.   DOE OFFICERS' unreasonable and vicious violence against PLAINTIFF, including but not limited to, jumping on, beating, and kicking PLAINTIFF—an unarmed man, incapacitated and defenseless on the ground after being tased without warning by DOE OFFICER—deprived PLAINTIFF of his right to be secure in his person against excessive use of force as guaranteed to Mr. Verdugo by the Fourth Amendment to the United States Constitution.

83.   Further, DOE OFFICERS interfered with PLAINTIFF's right to be free from bodily restraint or harm (Civ. Code § 43), as well as protections guaranteed under the California Penal Code and California Constitution, by committing a violent act against PLAINTIFF with reckless disregard for his rights and safety.

84.   DEFENDANTS' conduct, described above, resulted in the inhumane, malicious, and torturous treatment of PLAINTIFF and violated PLAINTIFF's rights to be free from the use of unreasonable and excessive force under the Fourth Amendment to the United States Constitution.  The unreasonableness of violence inflicted on PLAINTIFF was exacerbated by the context in which it occurred— PLAINTIFF posed no threat and was submissive after being tased and consequently physically incapacitated.

85.   DEFENDANT CITY knew or should have known that during the incident DOE OFFICERS committed acts of violence against PLAINTIFF, in violation of Civil Code § 52.1.  DOE OFFICERS' violent conduct, perpetrated intentionally or with reckless disregard for PLAINTIFF's rights, was perpetrated as employees of the CITY OF CALEXICO during the course and scope of their employment, making the CITY OF CALEXICO vicariously liable for their conduct.

///

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

86.     As a proximate result of the aforementioned acts of DEFENDANTS, PLAINTIFF suffered damages in a sum according to proof, and is entitled to damages, statutory damages, attorney's fees, and costs provided for by Civil Code §§ 52 and 52.1.

87.     These violations of PLAINTIFF's personal and civil rights by DEFENDANTS are protected and guaranteed by California Civil Code Section 52.1 entitling PLAINTIFF to damages and relief, including damages under California Civil Code Section 52, other equitable relief, punitive damages, statutory civil penalty (including $25,000 as to each individual DEFENDANT) and attorney's fees (pursuant to Civil Code Section 52.1(h)), all of which are requested herein.

88.     PLAINTIFF is informed and believes and thereon alleges that DOE OFFICERS and/or SUPERVISORS, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive (against individual DEFENDANTS only) and exemplary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### ASSAULT AND BATTERY
### (AGAINST ALL DEFENDANTS)

89.     PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

90.     This cause of action is asserted against ALL DEFENDANTS.

91.     Without consent or legal privilege, DEFENDANT DOE OFFICERS wrongfully, unlawfully, intentionally, and violently touched and physically battered PLAINTIFF with the intent to harm PLAINTIFF by callously and forcibly: tasing

17

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

him without warning, jumping on him with full body weight, stomping on and/or hitting his leg until it broke, and having multiple officers simultaneously pummel and batter his head and body.

92.     Such conduct was extreme and outrageous and would be deemed highly offensive to a reasonable person.

93.     As a direct and proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFF was caused to suffer severe pain and suffering.

94.     The violent conduct of DOE OFFICERS and/or SUPERVISORS was perpetrated as employees of the CITY during the course and scope of their employment, making the CITY vicariously liable for their conduct, pursuant to § 815.2(a) of the California Government Code.

95.     As a result of the aforementioned conduct, PLAINTIFF was physically and psychologically damaged.  PLAINTIFF's physical injuries include, but are not limited to, a broken leg, contusions and abrasions all over his body, and severe body pain.  PLAINTIFF required leg surgery to repair the leg fracture, was bedridden, and lost the ability to walk unassisted.  Mr. Verdugo's overall health has consistently declined since the vicious assault, and he has not been able to seek employment because of his injuries, some of which are reasonably certain to be permanent in nature.  He also suffers from emotional and psychological trauma stemming from the incident.

96.     As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

97.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANT DOE OFFICERS and/or SUPERVISORS, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:
V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive (against individual DEFENDANTS only) and exemplary damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

98.     PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

99.     This cause of action is asserted against ALL DEFENDANTS.

100.     At all times herein mentioned, DEFENDANTS had an affirmative duty of care toward PLAINTIFF and were required to use reasonable diligence to ensure that PLAINTIFF was not harmed by DEFENDANTS' acts or omissions. DEFENDANTS had a mandatory duty to protect PLAINTIFF from the wrongful actions and/or criminal and/or tortious conduct of DEFENDANT's employees so as to avoid and/or prevent the exposure of PLAINTIFF to an unreasonable risk of harm arising therefrom.

101.     The actions of DEFENDANTS were negligent and reckless, including but not limited to:

      a.     The failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFF;

      b.     The failure to monitor and record any use of force by DEFENDANTS;

      c.     The failure to monitor and record any injuries specifically caused by the use of force by DEFENDANTS;

      d.      The negligent tactics and handling of the situation with PLAINTIFF;

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

e.   The negligent seizure and use of force against PLAINTIFF including, but not limited to: violently tasing him without warning; beating him with such force as to cause breakage of his leg; having multiple officers attacking him simultaneously, while he was incapacitated on the ground; and, making him legitimately fear for his life, all while PLAINTIFF posed no threat to the CPD OFFICERS while unarmed and attempting to comply; and,

f.   The failure to properly train and supervise employees, including DOE OFFICERS;

102.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

103.   PLAINTIFF is informed and believes and based thereon alleges that on the day of the incident, DEFENDANTS negligently failed to protect PLAINTIFF from physical harm as described herein.   By so failing to protect PLAINTIFF, DEFENDANTS breached the aforesaid affirmative duties of due care owed to him.

104.   At such times as described herein, DEFENDANTS acted in such a way as to cause damages to PLAINTIFF and allowed its employees to act in a way so as to permit them to intimidate and coerce, as well as physically assault and batter, PLAINTIFF.

105.   The acts and omissions against PLAINTIFF by DEFENDANTS, and each of them, as aforesaid manifested an unreasonable risk of injury to PLAINTIFF.

106.   DEFENDANTS engaged in the acts alleged herein and/or condoned, permitted, authorized, directed, approved, and/or ratified the conduct of their employees, agents, and other representatives and are, therefore, vicariously liable for the wrongful conduct thereof.

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

107.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered and continues to suffer injuries including, but not limited to, a broken leg, potentially permanent limp and lack of full functioning of his leg, body pain, trauma, deterioration of quality of life, and emotional and psychological distress.  PLAINTIFF is therefore entitled to general and compensatory damages in a sum in excess of the minimum jurisdiction of the court and according to proof at trial.

108.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the false arrest and detention, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

109.   PLAINTIFF is informed and believes, and thereon alleges, that the individual DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING

### (Against Defendants City of Calexico, Chief Gerardo, and DOES 1-10)

110.   PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

111.   This cause of action is asserted against DEFENDANTS CITY, CHIEF GERARDO, and DOES 1-10.

112.   Under California law, an employer can be held liable to third parties, in this case PLAINTIFF, for negligently supervising employees.

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

113.  DEFENDANT CITY's employees in the CPD were unfit and incompetent to perform the work for which they were hired.

114.  DEFENDANTS CITY, CHIEF GERARDO, and DOES 1-10 knew or reasonably should have known that CITY's employees were unfit and incompetent and that they would engage in violative workplace conduct during the course and scope of their employment that would create a great risk of harm to civilians, including PLAINTIFF.  The negligence of DEFENDANTS in training, supervising, and retaining CITY's employees was a substantial factor in causing harm to PLAINTIFF.

115.  DEFENDANTS CITY, CHIEF GERARDO, and DOES 1-10 acted with deliberate indifference to the known practice, pattern, or policy of arbitrarily employing excessive force against civilians, including PLAINTIFF, and engaging in disability-based discrimination against them.  Said DEFENDANTS had a duty to instruct, train, and discipline subordinates in the adequate supervision and care of arrestees, but failed to properly train, instruct, supervise, or discipline officers. DEFENDANTS were on notice of the inadequate training with regard to protecting the health and wellbeing of civilians, based on a systematic failure to train staff on the purpose and proper method of upholding civil rights.  As a result of the inadequate training and supervision, PLAINTIFF was harmed, injured, and damaged in the manner alleged herein.

116.  At all times mentioned herein and prior thereto, DEFENDANTS CITY, CHIEF GERARDO, and DOES 1-10 had a duty to train, instruct, supervise, and discipline staff members to ensure they respected and did not violate federal constitutional and statutory rights of arrestees and to objectively investigate violations of said rights such as the right to health and safety.

117.  DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate CPD officers, including DOE OFFICERS, so as to prevent these acts and omissions from occurring.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

118. DEFENDANTS had a duty to PLAINTIFF to properly train their employees so as to minimize the deprivation of citizens' rights under the U.S. Constitution, federal, and California state law. This includes, but is not limited to, taking reasonable steps in hiring, screening, selecting, and supervising officers, as well as taking reasonable steps to ensure that law enforcement personnel, including supervisors, received comprehensive training on measures to protect arrestees.

119. The negligent acts and/or omissions of DEFENDANTS, and each of them, include but are not limited to the following:

    a. Failing to carefully screen all potential employees to ensure they could properly engage with citizens while respecting constitutional and statutory limits;

    b. Failing to provide proper training and supervision to all law enforcement officers, including supervisory personnel, in the appropriate use of force;

    c. Failing to properly and adequately train and supervise officers on how to treat individuals they engage with without employing intimidation, coercion, or excessive force;

    d. Failing to take reasonable and effective action to terminate or discipline employees or agents for poor or improper seizure and/or use of force, even when they had knowledge that violative conduct had occurred;

    e. Employing and retaining as officers and other personnel, individuals, including DOES 1-10, whom DEFENDANTS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written policies, including related the use of force;

    f. Inadequately supervising, training, controlling, assigning, and disciplining CPD officers, and other personnel, including DOE

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

OFFICERS 1-10, whom Defendants CITY, CHIEF GERARDO, and DOE SUPERVISORS 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and use of excessive force and reckless indifference to the wellbeing and rights of arrestees in their control;

g. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS, who are officers and/or agents of CITY;

h. Failing to meaningfully investigate and adequately discipline CITY officers and/or agents' conduct, including but not limited to, the use of excessive force;

i. Ratifying the intentional misconduct of DOES 1-10 and other agents, who are officers and/or agents of CITY;

j. Having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding this subject. The policies, customs, and practices of DEFENDANTS CITY, CHIEF GERARDO, and DOES 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and,

k. Condoning and encouraging CITY officers in the belief that they can violate the rights of persons such as Mr. Verdugo with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

120. DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate their employees. As a direct and proximate result of DEFENDANTS's negligent hiring, retention and supervision,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

1  control and regulation of their employees, PLAINTIFF has suffered and continues

2  to suffer injuries entitling him to damages in amounts to be proven at trial.

3       121.   The failure of DEFENDANTS to provide adequate hiring, supervision,

4  and training caused the deprivation of PLAINTIFF's rights, functioning as the

5  moving force that caused the ultimate injury.

6       122.   By the aforesaid acts and omissions of DEFENDANTS, and each of

7  them, PLAINTIFF has been directly and legally caused to suffer actual damages

8  including, but not limited to, medical bills, attorneys' fees, costs of suit and other

9  pecuniary loss not presently ascertained.

10      123.   As a result of their conduct, DEFENDANTS are liable for

11  PLAINTIFF's injuries, either because they were integral participants in the

12  negligence, or because they failed to intervene to prevent these violations, or under

13  the doctrine of *respondeat superior*.

14      124.   As a further direct and legal result of the acts and conduct of

15  DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to

16  and did suffer and continues to suffer

17  injuries, as well as severe trauma, mental and psychological harm, and emotional

18  distress.  PLAINTIFF is therefore entitled to general and compensatory damages in

19  a sum in excess of the minimum jurisdiction of the court and according to proof at

20  trial.   The exact nature and extent of said injuries is presently unknown to

21  PLAINTIFF.

22              **SEVENTH CAUSE OF ACTION**

23  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24              **(AGAINST ALL DEFENDANTS)**

25      125.   PLAINTIFF re-alleges the information set forth in the preceding

26  paragraphs and incorporates it into this cause of action as if it were fully alleged

27  herein.

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    V. James DeSimone, Esq.
*Verdugo v. City of Calexico, et al.*                        Carmen D. Sabater, Esq.
Case No.:                                               Lawrance A. Bohm, Esq.
                                                        Ann Strimov Durbin, Esq.

126.   This cause of action is asserted against ALL DEFENDANTS.

127.   DEFENDANTS' conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFF to suffer emotional distress, or with reckless disregard as to whether their conduct would cause him to suffer such distress, without consideration for the effect of such conduct upon PLAINTIFF's emotional well-being.

128.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional mental distress, anguish, humiliation, fright, shock, pain, trauma, psychological harm, and suffering. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

129.   PLAINTIFF is informed and believes, and thereon alleges, that the individual DEFENDANTS, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive (against individual DEFENDANTS only) and exemplary damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST ALL DEFENDANTS)

130.   PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

131.   In the alternative, DEFENDANTS' conduct, as alleged above, was done in a careless or negligent manner, in breach of their duty of care to PLAINTIFF and without consideration for the effect of such conduct upon PLAINTIFF's emotional well-being.

132.   By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

133.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional mental distress, anguish, humiliation, fright, shock, pain, trauma, psychological harm, and suffering. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

134.   PLAINTIFF is informed and believes, and thereon alleges, that the individual DEFENDANTS, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive (against individual DEFENDANTS only) and exemplary damages in an amount to be determined at trial.

///

///

///

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants and any other defendants who may be later added to this action as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE:

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages or other penalties recoverable by law, in an amount to be proved against each non-public entity Defendant(s) (not including CITY);

4.     For attorneys' fees and costs pursuant to all applicable statues or legal principles, including 42 U.S.C § 1988;

5.     For costs of suit necessarily incurred herein; and,

6.     For such other and further relief as the court may deem just, proper, and appropriate.

Date:  September 19, 2022          By: _____

V. JAMES DESIMONE, ESQ.
CARMEN D. SABATER, ESQ.
LAWRANCE A. BOHM, ESQ.
ANN STRIMOV DURBIN, ESQ

Attorneys for Plaintiff,
JUAN JOSE GARCIA VERDUGO

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Verdugo v. City of Calexico, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Lawrance A. Bohm, Esq.
Ann Strimov Durbin, Esq.

1
2

## **DEMAND FOR JURY TRIAL**

3       Plaintiff, Juan Jose Garcia Verdugo, hereby demands a trial by jury on all

4    claims.

5

6

7    Date:  September 19, 2022            By:  _____

8                                             V. JAMES DESIMONE, ESQ.
                                              CARMEN D. SABATER, ESQ.
9                                             LAWRANCE A. BOHM, ESQ.
                                              ANN STRIMOV DURBIN, ESQ.
10

11                                            Attorneys for Plaintiff,
12                                            JUAN JOSE GARCIA VERDUGO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    V. James DeSimone, Esq.
*Verdugo v. City of Calexico, et al.*                   Carmen D. Sabater, Esq.
Case No.:                                               Lawrance A. Bohm, Esq.
                                                        Ann Strimov Durbin, Esq.