UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE GARCIA VERDUGO,<br><br>                         Plaintiff,<br><br>v.<br><br>CITY OF CALEXICO; CHIEF GONZALO GERARDO, in his individual and official capacity; and DOES 1 through 10, inclusive;<br><br>                        Defendants. | Case No.: 3:22-cv-01418-RSH-LR<br><br>**ORDER GRANTING JOINT MOTION TO STAY**<br><br>[ECF No. 10] |

The Parties jointly move the Court to stay this action pending resolution of a criminal proceeding currently pending in the Imperial Superior Court against Plaintiff Juan Jose Garcia Verdugo. ECF No. 10. For the reasons below, the Motion is granted.

**I.  Background**

On September 19, 2022, Plaintiff filed this action against Defendants the City of Calexico, Calexico Police Chief Gonzalo Gerardo, and Does 1 through 10. ECF No. 1. Plaintiff alleges eight causes of action: (1) a Fourth Amendment violation for excessive force under 42 U.S.C. § 1983; (2) a *Monell* claim for an unconstitutional custom, practice, or policy under 42 U.S.C. § 1983; (3) a violation of the Bane Act, Cal. Civ. Code § 52.1; (4) Assault and Battery; (5) Negligence; (6) Negligent Hiring, Supervision, and Training;

(7) Intentional Infliction of Emotional Distress; and (8) Negligent Infliction of Emotional Distress. ECF No. 1. Plaintiff's Complaint is based on his alleged restraint and arrest by Calexico police officers on September 21, 2021. *Id.* Defendants' response to Plaintiff's Complaint in this Court is due on December 23, 2022. ECF No. 9.

The Imperial County District Attorney filed a felony complaint against Plaintiff on September 28, 2021, in the Imperial County Superior Court of California for resisting arrest by use of force or violence, resisting arrest with removal of a weapon, carrying a concealed knife, and possession of a controlled substance. *See People v. Verdugo Garcia*, No. JCF005122 (Super. Ct. Imperial Cnty. Sept. 28, 2021). The Parties agree that the charges in Plaintiff's criminal case arise from the same underlying events as the civil action in this Court. ECF No. 10 at 2. Accordingly, the Parties request that the Court stay Plaintiff's civil case until the conclusion of his criminal proceedings. *Id.* at 4.

## II.   Analysis

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *see Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem [ ] to require such action." *Keating*, 45 F.3d at 324 (quoting *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). However, "[g]enerally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

When considering a motion to stay civil proceedings, a district court balances: (1) the interests of the plaintiff in proceeding expeditiously or any potential prejudice to plaintiff from delay, (2) the burden that the proceedings may impose on the defendants, (3) the convenience of the court and the efficient use of judicial resources, (4) the interests of persons not parties to the civil litigation, and (5) the interests of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25.

All factors lean in favor of staying this case. The Parties' mutual consent to the stay mitigates the potential risk of prejudice to either party. The Parties would also be burdened if required to litigate this case before Plaintiff's criminal case is resolved. Most notably, the civil case would burden Plaintiff's Fifth Amendment rights. Finally, a stay will serve the interests of the public and all persons who are not parties to this case by allowing for the adjudication of the Parties' rights without the complication of a parallel proceeding.

### III. Conclusion

For the above reasons, the Court **GRANTS** the Parties' Joint Motion to Stay, ECF No. 10. Accordingly, the Court **ORDERS**:

1. This civil action be **STAYED** for **four months** from the date of this Order without prejudice to any party seeking to extend the stay.
2. The stay of this action automatically be lifted on **April 10, 2023,** unless a party requests an extension for good cause prior to the stay expiring.
3. The Parties notify the Court **within 14 days**, should Plaintiff's criminal case reach a resolution before the stay expires.[1]
4. Defendants respond to Plaintiff's Complaint within **seven days** of the stay expiring.

**SO ORDERED**.

Dated: December 8, 2022

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge

---

[1] Resolution of the criminal case includes a trial resulting in a verdict, the entry of a plea agreement, dismissal of the charges, or Plaintiff's enrollment into any pretrial diversion program.