UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE GARCIA VERDUGO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CALEXICO; CHIEF GONZALO GERARDO, in his individual and official capacity; and DOES 1 through 10, inclusive;<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01418-RSH-LR<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND STAY**<br><br>[ECF No. 14] |

On March 10, 2023, the Court granted the Parties' joint motion to stay this case until June 12, 2023, pending resolution of a criminal proceeding before the California Superior Court against Plaintiff Juan Jose Garcia Verdugo. ECF No. 13. Because the Parties do not believe that Plaintiff's criminal trial will take place until late 2023, the Parties have jointly moved to extend the stay in this matter until January 8, 2024. ECF No. 14 at 2. For the reasons below, the Court grants the motion.

When considering a motion to stay civil proceedings, a district court balances: (1) the interests of the plaintiff in proceeding expeditiously or any potential prejudice to plaintiff from delay, (2) the burden that the proceedings may impose on the defendants, (3) the convenience of the court and the efficient use of judicial resources, (4) the interests of

persons not parties to the civil litigation, and (5) the interests of the public in the pending civil and criminal litigation. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).

All factors weigh in favor of staying this case. The Parties' mutual consent to the stay mitigates the potential risk of prejudice to either party. The Parties would also be burdened if required to litigate this case before Plaintiff's criminal case is resolved. Finally, a stay will serve the interests of the public and all persons who are not parties to this case by allowing for the adjudication of the Parties' rights without the complication of a parallel proceeding.

Therefore, the Court **GRANTS** the Parties' joint motion to extend the stay and **ORDERS**:

1. This civil action be **STAYED** until **January 8, 2024,** without prejudice to any party seeking to extend the stay.

2. The stay of this action be automatically lifted on January 8, 2024, unless a party requests an extension for good cause prior to the stay expiring.

3. The Parties notify the Court **within 14 days**, should Plaintiff's criminal case reach a resolution before the stay expires.[1]

4. Defendants respond to Plaintiff's Complaint in this action **within 14 days** of the stay expiring.

**SO ORDERED**.

Dated:  May 31, 2023

_____
Hon. Robert S. Huie
United States District Judge

---

[1] Resolution of the criminal case includes a trial resulting in a verdict, the entry of a plea agreement, dismissal of the charges, or Plaintiff's enrollment into any pretrial diversion or deferred disposition program.